WALLING, Adm'r, Wage and Hour Division, U. S. Dept. of Labor, v. KNUDSEN et al.

No. 8459.

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1944.

162

R. M. Rieser, C. G. Mathys and William A. McNamara, all of Madison, Wis., for appellants.

Douglas B. Maggs and Bessie Margolin, U. S. Dept. of Labor, both of Washington, D. C., Kenneth P. Montgomery, of Chicago, Ill., Archibald Cox, Associate Sol., of Washington, D. C., and Joseph I. Nachman, Atty., U. S. Dept. of Labor, of Staunton, Va., for appellee.

Before SPARKS, MAJOR and MIN-TON, Circuit Judges.

MAJOR, Circuit Judge.

The Administrator instituted this action in the lower court seeking an injunction against defendants for alleged violations of the Fair Labor Standards Act (the specific sections being 15(a) (1), (2) and (5), 29 U.S.C.A. 215a (1), (2) and (5)). After a trial to the court, a judgment was entered granting the injunction. From this judgment defendants appeal.

The defendants are co-partners engaged in the business of operating a machine shop for the purpose of manufacture, sale and installation of marine equipment for ships used on the Great Lakes in interstate commerce. Since the effective date of the Act, defendants have employed from twelve to twenty-three employees. It is the manner in which these employees have been paid which presents the problem herein involved.

The defendants contend that their pre-payment plan of compensating the em-ployees constitutes a compliance with the Act. The Administrator maintains that it does not, and this contention was upheld by the lower court.

■ We find it unnecessary to decide whether or not the prepayment plan in and of itself is violative of the Act. This is so for the reason that the lower court found that the plan as instituted and maintained by the defendants was for the purpose of evading the Act, and that in fact the em-ployees were not paid pursuant to the terms of the plan. The lower court further found as a fact that the employees were not paid time and one-half for overtime but were paid at a straight hourly figure, regardless of the number of hours worked per week. It is too well established to require citation of authority that the lower court's findings, if supported, must be accepted by this court. We have examined the record and think they are substantially supported. With these findings accepted, it follows that the lower court's ruling was proper.

■ The defendants make a further contention that the case is moot. They argue that this is so for the reason that they have ceased to operate their business. Even so, the cessation of operation is plainly a temporary arrangement as the business is leased to a third party upon a year to year basis. Further, the defendants continue to have their own business under an arrange-ment with the lessee whereby the lessee performs their work at an agreed com-pensation. Defendants urge that their plan be declared legal so that they will not be subjected to further litigation. This shows, so we think, that they contemplate the re-sumption of business on the same basis as it has heretofore been conducted. In ad-dition, the lease expressly provides that the continuity of the partnership and business shall be assured. These facts make it plain that the change is but temporary. Thus we are forced to conclude that the case is not moot. Cf. Walling v. Haile Gold Mines, Inc., 4 Cir., 136 F.2d 102.

The judgment of the District Court is affirmed.